IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA BARRETO, an individual,<br>16319 NW 84th Avenue<br>Miami Lakes, Florida 33016<br><br>         Plaintiff,<br><br>    v.<br><br>DUPONT HOTEL PROJECT OWNER, LLC<br>dba "THE WASHINGTON HILTON HOTEL"<br>500 Newport Center Drive, Suite 800<br>Newport Beach, California 92660 | Case No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff GLORIDA BARRETO (hereinafter "Plaintiff" or "Barreto"), alleges the following upon information and believe, based upon investigation of counsel, published reports and personal knowledge:

**I.    NATURE OF THE ACTION**

1.    Plaintiff alleges causes of action against defendant DUPONT HOTEL PROJECT OWNER, LLC dba "THE WASHINGTON HILTON HOTEL", a limited liability corporation with its principal place of business at 500 Newport Center Drive, Suite 800, Newport Beach, California. The Hilton at issue is on Connecticut Avenue in Northwest D.C. and is known as the location of the failed assassination attempt on former President Ronald Reagan.

2.    On December 30, 2018, Plaintiff was seriously injured at the hotel, when attempting to use the shower and turn the shower on, the shower faucet and the fixture fell out of the wall knocking Plaintiff down cause her injuries that resulted in multiple surgeries, including knee surgery.

## II. <u>PARTIES</u>

3. Plaintiff is an individual adult resident of the State of Florida.

4. Defendant is a Delaware limited liability corporation with its principal place of business at 500 Newport Center Drive, Newport Beach, California 92660. At all times material, Defendant Dupont Hotel Project Owner, LLC, owned, operated, controlled, franchised, and/or managed a hotel which it operated as "The Washington Hilton Hotel" located at 1919 Connecticut Ave NW, Washington, DC 20009.

5. Plaintiff is informed and believes that, at all relevant times herein, Defendant engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendant and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

## III. <u>VENUE AND JURISDICTION</u>

6. This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code § 1332(a), and this action is between citizens of different States as Defendant's principal place of business is in Newport Beach, California and Plaintiff resides in Florida.

7. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S. Code § 1391(b)(2), because it is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

8. Jurisdiction over the Defendant is proper as the Defendant transacts business in the District of Columbia including but not limited to owning and operating hotels.

9. At all times material, Defendant Dupont Hotel Project Owner, LLC, owned, operated, controlled, franchised, and/or managed a hotel which it operated as "The Washington Hilton Hotel"

located at 1919 Connecticut Ave NW, Washington, DC 20009.

10. On or about December 30, 2018, Plaintiff Gloria Barreto was registered paying guest at The Washington Hilton Hotel, and was temporarily residing at the subject property.

11. Plaintiff has satisfied all conditions precedent, if any, to the filing of this suit.

## IV.     CAUSES OF ACTION

### COUNT ONE
### Negligence
### (By Plaintiff Against Defendants)

12. At all times material, as the owner and operator of the The Washington Hilton Hotel, Dupont owed Plaintiff the following duties of care;

   a. As Plaintiff was a guest of the The Washington Hilton Hotel, there existed the special relationship of innkeeper and guest between the Plaintiff and Dupont, imposing upon DuPont a duty to ensure the Plaintiff's personal comfort and safety, and to exercise reasonable care in protecting the Plaintiff while the was a guest at Dupont's hotel.

   b. A general duty of care to maintain the subject premises in a reasonably safe condition so as not to create an unreasonable risk of harms to the patrons on the premises of Dupont's hotel.

13. Dupont breached the foregoing duties of care when on or about December 30, 2018 Plaintiff was residing in the hotel room she purchased at the The Washington Hilton Hotel.

14. Subsequently, the Plaintiff entered the shower of the hotel room and attempted to turn the shower's faucet, which appeared to Plaintiff to be in normal working condition.

15. The shower faucet which was apparently defective and improperly secured then suddenly fell from the wall of the shower and struck the Plaintiff causing her to fall and injure herself.

16. At no time did Dupont warn the Plaintiff of the hidden danger presented by the defective

and dangerous condition of its hotel shower faucet prior to Plaintiff occupying Dupont's hotel room.

17. Plaintiff further alleges that the Dupont further breached its duties of care in that the shower faucet which caused the Plaintiff's injury was under the exclusive control of Dupont; and because the sudden collapse of the shower faucet and fixture was an occurrence that would not, in the ordinary course of events, have occurred without negligence on the part of the Dupont who was in exclusive control of the hotel room, its bathroom, plumbing, and fixtures.

18. As a direct and proximate results of the foregoing negligent acts Plaintiff, suffered great bodily injury and resulting physical pain and suffering, inability to prove her claim due to loss and/or destruction of evidence, disability, disfigurement, suffering and disability, loss of the capacity for the enjoyment of life, cost of hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition. The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

19. The actions of the Defendant further caused a bodily injury, to the Plaintiff which resulted in an aggravation of an existing disease or physical defect and/or activation of a latent disease or physical defect, which condition cannot be said would have existed apart from the injury, and therefore Plaintiff is entitled for damages for the entire injury or condition suffered.

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the follow relief:

1. For general and special damages of at least $500,000 to be proven at trial;

2. For costs of suit incurred herein;

3. For pre-judgment interest;

4. For post-judgment interest; and

5. For such other and further relief as the Court may deem just and proper.

Date:   March 5, 2021

*/s/ John P. Kristensen*
John P. Kristensen
USDC DC Bar ID CA00084
CA Bar. No. 224132
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
(310) 507-7924
john@kristensenlaw.com
***Attorneys for Plaintiff***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Date:   March 5, 2021                             */s/ John P. Kristensen*
                                                  John P. Kristensen
                                                  USDC DC Bar ID CA00084
                                                  CA Bar. No. 224132
                                                  **KRISTENSEN LLP**
                                                  12540 Beatrice Street, Suite 200
                                                  Los Angeles, California 90066
                                                  (310) 507-7924
                                                  john@kristensenlaw.com
                                                  ***Attorneys for Plaintiff***